IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMIE M. WARFIELD                                                                                          PLAINTIFF

vs.                                              Civil No. 4:10-cv-04155

MICHAEL J. ASTRUE                                                                                        DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jamie M. Warfield ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Homes, III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **REVERSED and REMANDED.**

**1. Background:**

Plaintiff filed his applications for DIB and SSI on October 10, 2007. (Tr. 62, 101-106).[1] Plaintiff alleged he was disabled due to ADHD, behavioral problems, bipolar, and in utero drug use. (Tr. 147). Plaintiff alleged an onset date of January 1, 1997. (Tr. 147). These applications were

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

1

denied initially and again on reconsideration.  (Tr. 75-80).

On July 21, 2008, Plaintiff requested an administrative hearing on his applications.  (Tr. 98). This hearing request was granted, and an administrative hearing was held on August 26, 2009 in Harrison, Arkansas.  (Tr. 10-51).  Plaintiff was present and was represented by counsel, Greg Thurman, at this hearing.  *See id.*  Plaintiff, his father Don Warfield, and Vocational Expert ("VE") Sara Moore, testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was nineteen (19) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and had completed the 8th grade.  (Tr. 15-17).

On January 5, 2010, the ALJ entered an unfavorable decision on Plaintiff's applications for DIB and SSI.  (Tr. 62-69).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 1997.  (Tr. 64, Finding 1).  The ALJ determined Plaintiff had the severe impairments of disruptive behavior disorder and personality disorder.  (Tr. 64, Finding 2).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 64, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 65, Finding 4).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  (Tr. 67).  Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for the full range of work at all levels with limitations of: can respond appropriately to supervisors and usual work

situations; can have occasional contact with co-workers, but have no contact with the general public; and can perform low stress work. (Tr. 65, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 67, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 68-69, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a hand packager with approximately 670 such jobs in Arkansas and 67,000 such jobs in the nation, poultry worker with approximately 900 such jobs in Arkansas and 975,600 such jobs in the nation, and small products assembler with approximately 900 such jobs in Arkansas and 108,900 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 1, 1997 through the date of the ALJ's decision. (Tr. 69, Finding 10).

On March 8, 2010, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On September 14, 2010, the Appeals Council declined to review the ALJ's decision. (Tr. 1-6). On November 11, 2010, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 5, 8  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred (1) in his RFC determination, (2) in his finding of severe impairments, and (3) in failing to consider all of Plaintiff's impairments ECF No. 5, Pages 4-12. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9. Because this Court finds the ALJ erred in his RFC determination, this Court will only address this point raised by Plaintiff.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009)

(holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50). Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).

In the present action, Plaintiff was assessed as having GAF scores ranging from 27 to 50 as follows: March 2, 1994 GAF score 20, September 30, 1997 GAF score 45, August 27, 1998 GAF score 35, March 19, 2000 GAF score 30, May 1, 2000 GAF score 27, May 3, 2000 GAF score 30, December 7, 2001 GAF score 46, February 20, 2006 GAF score 43, November 17, 2006 GAF score 43, and October 30, 2007 GAF score 50. (Tr. 738, 731, 675, 666, 721, 725, 1091, 1105, 1122, 1153). The ALJ did not discuss these low GAF scores in his opinion. A GAF score of 50 reflects a serious limitation on a persons ability to perform basic life skills. *See Brueggemann v. Barnhart*, 348 F. 3d 689, 695 (8th Cir. 2003).

It was the ALJ's responsibility to evaluate those GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with bipolar disorder, borderline personality disorder, and attention deficit hyperactivity disorder, oppositional defiant disorder. (Tr. 245, 250, 584, 605, 660, 683, 1030, 1095).

Thus, considering these facts, because the ALJ did not evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of Plaintiff's GAF

scores should be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **13th** day of October, 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.